CONSERVATION COUNCIL OF NORTH CAROLINA, SIERRA CLUB, THE
    WILDERNESS SOCIETY, NATIONAL PARKS AND CONSERVATION
    ASSOCIATION, AND DEFENDERS OF WILDLIFE, APPELLANTS v. T. ERIE
    HASTE, JR., VICE CHAIRMAN OF THE NORTH CAROLINA COASTAL
    RESOURCES COMMISSION, AND THE NORTH CAROLINA COASTAL
    RESOURCES COMMISSION, APPELLEES

No. 901SC342

(Filed 2 April 1991)

**Administrative Law and Procedure § 56 (NCI4th); Waters and
    Watercourses § 7 (NCI3d) — Bonner Bridge — erosion control
    methods — adoption of temporary rule — right of petitioners to
    contested case hearing**

Petitioners were entitled to a contested case hearing on
the Coastal Resources Commission's adoption of a temporary
rule permitting otherwise prohibited erosion control devices
in certain circumstances and its issuance of a permit to the
Department of Transportation pursuant to the temporary rule
to construct a stone revetment and groin to protect the Bonner
Bridge from erosion where they alleged that the Commission's
decision violated various statutes, including notice and com-
ment procedures required by the Coastal Area Management
Act; petitioners were all conservation groups with members
in North Carolina and so were directly affected by the decision;
and petitioners presented arguments to sustain their conten-
tion that they had a substantial likelihood of prevailing in
the contested case. The Coastal Resources Commission's order
denying such hearing was affected by error of law where the
Commission found that there was no basis in law for peti-
tioners' allegation that the temporary rule adopted by the
Commission failed to comply with CAMA's notice and comment
provisions, was unsupported by the evidence where the Com-
mission mischaracterized petitioners' position regarding alter-
natives to construction of "hard erosion control" measures,
and was arbitrary and capricious because it required peti-
tioners to allege specifically that the Commission either acted
arbitrarily and capriciously or abused its discretion by adopt-
ing the temporary rule, thus imposing an additional burden
that N.C.G.S. § 113A-121.1(b) does not require, rather than
addressing the merits of petitioners' claim.

**Am Jur 2d, Administrative Law §§ 279, 280.**

APPEAL from order entered 6 February 1990 by *Judge D. M. McLelland* in DARE County Superior Court. Heard in the Court of Appeals 23 October 1990.

On 31 March 1989 the Department of Transportation requested a Coastal Area Management Act (CAMA) major development/dredge and fill permit to construct a stone revetment and groin at the northern end of Pea Island on North Carolina's Outer Banks. The purpose of the construction was to protect from erosion N.C. Highway 12 and the Herbert C. Bonner Bridge, which spans Oregon Inlet. When the Department of Transportation applied for the permit, North Carolina Coastal Resources Commission (CRC or Commission) regulations prohibited hard erosion control structures on the ocean shoreline. 15 NCAC 7H.0308(a)(1)(B). The regulations provided that beach nourishment and relocation were the preferred erosion control measures. 15 NCAC 7H.0308(a)(1)(A).

On 12 May 1989 the Department of Transportation asked the Commission to adopt an emergency rule that would permit otherwise prohibited erosion control structures in the circumstances presented by the Department of Transportation application. On 26 May 1989 the Commission adopted an emergency rule, 15 NCAC 7H.0308(a)(1)(M), which provided:

> Erosion control structures that would otherwise be prohibited by these standards may be permitted on finding that:
>
> (i) the erosion control structure is necessary to protect a bridge which provides the only existing road access to a substantial population on a barrier island; that is vital to public safety; and is imminently threatened by erosion;
>
> (ii) the preferred erosion control measures of relocation, beach nourishment or temporary stabilization are not adequate to protect public health and safety; and
>
> (iii) the proposed erosion control measure will have no adverse impacts on adjacent properties in private ownership and will have minimal impacts on public use of the beach.

The Commission issued this rule under G.S. 150B-13, which allows agencies to adopt temporary rules without following otherwise mandatory Administrative Procedure Act (APA) notice and comment procedures. The Commission gave no opportunity for public notice

and comment and, pursuant to the emergency rule, issued CAMA permit 138-89 to the Department of Transportation on 22 June 1989.

After complying with notice and hearing requirements under the CAMA and the APA, the Commission adopted the temporary rule as a permanent rule effective 1 December 1989. On 12 July 1989 pursuant to G.S. 113A-121.1(b), petitioners requested an administrative contested case hearing to challenge the Commission's issuance of permit 138-89. The Commission's Vice-Chairman denied the petitioners' request. The Superior Court of Dare County affirmed the Vice-Chairman, and the petitioners appeal.

*Conservation Council of North Carolina, by John D. Runkle, for petitioner-appellants.*

*Sierra Club Legal Defense Fund, by Robert G. Dreher and Sandra Goldberg, for petitioner-appellants.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith and Special Deputy Attorney General James B. Richmond, for respondent-appellees.*

EAGLES, Judge.

The issue before us is whether appellants are entitled to a contested case hearing under the Coastal Area Management Act (CAMA) to contest the Department of Transportation's decisions as to what measures are appropriate to protect the southern end of the Herbert C. Bonner Bridge from erosion. We hold that appellants are entitled to a contested case hearing.

Petition for Contested Case Hearing

Petitioners requested a contested case hearing under G.S. 113A-121.1(b) which provides:

A determination of the appropriateness of a contested case . . . shall be based on whether the person seeking to commence a contested case:

(1) Has alleged that the decision is contrary to a statute or rule;

(2) Is directly affected by the decision; and

(3) Has a substantial likelihood of prevailing in a contested case.

In support of their hearing request, petitioners alleged that the Commission's decision to issue the permit violated the following statutes and rules: G.S. 113A-108 (no permit shall be issued which is inconsistent with state guidelines); G.S. 113A-120(8) (no permit shall be issued for development inconsistent with the state guidelines); G.S. 113A-107 (state guidelines shall be amended in accordance with procedures set forth requiring prior notice to specified officials and a public comment period); G.S. 150B-13 (adoption of temporary rule must be necessitated by serious and unforeseeable threat to public safety); G.S. 150B-13 (agency must certify need for temporary rule and provide statement of reasons for its findings); 15 NCAC 7H.0308(a)(1)(A) (preferred erosion control measures shall be beach nourishment and relocation); (a)(1)(B) (erosion control structures, including jetties and groins, prohibited); (a)(1)(D) (erosion control measures which interfere with public access and use of ocean beaches prohibited); (a)(1)(E) (erosion control measures which significantly increase erosion on adjacent properties prohibited); and the rule at the center of this controversy, (a)(1)(M) (permitting exceptions to rules where necessary to protect bridge, where beach nourishment inadequate to protect public health and safety, and erosion measure will have no adverse impacts on adjacent private properties and minimal impact on public use of beach). We note that effective 1 November 1989, Chapter 7 of Title 15 of the North Carolina Administrative Code was transferred and recodified at Chapter 7 of Title 15A.

Petitioners are all conservation groups with members in North Carolina. The Vice-Chairman's order does not dispute that the petitioners are directly affected by the decision to issue the permit.

To support petitioners' contention that they have a substantial likelihood of prevailing in the contested case, they first argue that the CRC lacked authority to enact emergency amendments to its guidelines because it violated CAMA notice and comment provisions. The petitioners also argue that assuming the validity of the emergency rule, issuance of the permit was not justified because beach nourishment would have adequately protected the bridge. The petitioners also argue that the Commission's certification of the need for the temporary rule did not contain the findings and statement of reasons required by G.S. 150B-13(a). Finally, petitioners argue that the prerequisites for authorizing construction of a groin pursuant to the temporary rule were not present.

CONSERVATION COUNCIL OF N.C. v. HASTE

[102 N.C. App. 411 (1991)]

Order of the Vice-Chairman Denying the
Contested Case Hearing

The Vice-Chairman made the following findings in his order: (1) the petitioners' argument regarding violation of the CAMA notice provisions had no basis in law because petitioners cited a section of CAMA that was "repealed" in 1987; (2) the petitioners' contention that the CRC failed to comply with the procedures for adopting a temporary rule under G.S. 150B-13 had no basis in law because the petitioners did not allege that the CRC was arbitrary and capricious or had abused its discretion; (3) the petitioners' argument that issuance of the permit was contrary to applicable statutes and rules was without merit because petitioners failed to allege that any alternative that did not involve hard erosion control was adequate to protect public health; (4) the record does not support the petitioners' allegation that the permit would result in adverse impact on adjacent properties and more than minimal impact on public use of the beach; (5) the petitioners failed to allege that the temporary filling of one acre of coastal wetlands was contrary to applicable statutes and regulations; and (6) for the reasons stated, the petitioners did not have a reasonable likelihood of success in prevailing in the contested case.

Standard of Review

G.S. 113A-121.1(b) provides that a determination that a person may not commence a contested case is a final agency decision and is subject to judicial review under Article 4 of Chapter 150B of the General Statutes. G.S. 150B-51(b) provides that the court reviewing a final decision may reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions violate constitutional provisions, exceed the statutory authority or jurisdiction of the agency, are made upon unlawful procedure, are affected by other error of law, are unsupported by substantial evidence in view of the whole record, or are arbitrary and capricious. After a careful review of the record, we hold that the Commission's decision may have prejudiced substantial rights of the petitioners because the agency's findings and conclusions are affected by error of law, are unsupported by substantial evidence in view of the whole record, and are arbitrary and capricious.

Analysis

Appellants contend that the order of the Vice-Chairman was affected by error of law. We agree. The Vice-Chairman found that there was no basis in law for petitioners' allegation that the temporary rule failed to comply with CAMA's notice and comment provisions. Although petitioners cited a subparagraph of section 107 that had been recodified in 1987, CAMA section 107 still requires that the Commission mail a copy of all proposed and adopted rules to various interested persons and that all persons who receive a proposed rule must have 30 days to comment. G.S. 113A-107(c). The Commission offers no support for its argument that recodified section 107 does not apply to amendment of existing guidelines. Additionally, we find no reason to conclude that the legislature intended to create differing obligations to give notice in the adoption of new rules and the amendment of existing rules. We agree with appellants that the reading advanced by the Commission would make CAMA notice and comment requirements ineffective. Following the Commission's logic, the notice and comment requirements could always be evaded by simply characterizing any new guideline as an amendment of an existing rule.

The purpose of CAMA's input and review provisions is to curb arbitrary and unreasoned action by the CRC. *Adams v. North Carolina Department of Natural & Economic Resources*, 295 N.C. 683, 249 S.E.2d 402 (1978). Additionally, the mandatory provisions of the APA complement the procedural safeguards in the CAMA. *Id.* The temporary rule provisions of G.S. 150B-13 exempt agencies only from *APA* notice and comment requirements. G.S. 150B-13(a). Clearly, the General Assembly did not intend that the Commission use APA temporary rules to circumvent public review and comment on major projects that could affect the State's coastal resources. Accordingly, we hold that the Vice-Chairman's decision to deny petitioners a contested case hearing was based on an error of law.

Appellants also contend that the order denying the contested case hearing was arbitrary and capricious because the Commission in its order mischaracterized appellants' position regarding alternatives to construction of the revetment and groin. We agree that petitioners' position was mischaracterized.

In denying the contested case hearing, the Commission found that petitioners failed to allege that an alternative that did not involve hard erosion control was adequate to protect public health

and safety. Under G.S. 150B-51(5) this Court must apply the whole record test. Under the whole record test, the reviewing court considers both the evidence that supports the agency decision and evidence which detracts from it. "In essence, the reviewing court determines whether an administrative decision has a rational basis in the evidence." *Leiphart v. North Carolina School of the Arts*, 80 N.C. App. 339, 344, 342 S.E.2d 914, 919, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). Here, the petitioners offered evidence that beach nourishment alone would sufficiently protect the bridge. They submitted an environmental assessment from the U.S. Fish and Wildlife Service that described a sand management plan with an *optional* revetment. The environmental assessment stated: "This plan to protect the bridge and highway does not require a revetment to be effective." Petitioners also offered affidavits of coastal scientists who said that beach nourishment alone was adequate to protect the bridge. The evidence here does not support the Commission's finding that the petitioners failed to offer an alternative that did not require hard erosion control structures. Accordingly, we hold that the CRC's finding mischaracterized the petitioners' position and is unsupported by substantial evidence in view of the whole record.

Appellants also contend that the Commission's order was arbitrary and capricious because the Vice-Chairman required petitioners to allege explicitly that the CRC acted arbitrarily and capriciously or abused its discretion by adopting the temporary rule. We agree that petitioners were not required to specifically allege that the CRC's action was arbitrary and capricious or was an abuse of discretion. "[T]he most important characteristic of pleadings in the administrative process is their unimportance. . . . The Administrative Procedure Act does not require the particularity of the pleading of an indictment or a statement of the elements of a cause of action . . . ." *N.C. Department of Correction v. Hill*, 313 N.C. 481, 484, 329 S.E.2d 377, 379 (1985) (citations omitted). Here, the request for the contested case hearing put the Commission on notice of the petitioners' allegations and the Commissioner should have addressed the merits of their claims rather than summarily dismissing the request for failure to make a specific allegation. Our Supreme Court has said:

> Agency decisions have been found arbitrary and capricious, *inter alia*, when such decisions are "whimsical" because they indicate a lack of fair and careful consideration; when they

fail to indicate "any course of reasoning and the exercise of judgment," or when they impose or omit procedural requirements that result in manifest unfairness in the circumstances though within the letter of statutory requirements.

*Commissioner of Insurance v. Rate Bureau,* 300 N.C. 381, 420, 269 S.E.2d 547, 573 (1980) (citations omitted). We hold that the Commission's order was arbitrary and capricious because it required petitioners to specifically allege that the CRC either acted arbitrarily and capriciously or abused its discretion. This finding did not address the merits of petitioners' claim and imposes on petitioners an additional burden that G.S. 113A-121.1(b) does not require. Dismissal based on this finding shows "a lack of fair and careful consideration," does not indicate a "course of reasoning," and imposes unfair requirements on the petitioners.

## Conclusion

For the reasons stated, we hold that the Commission's order was affected by error of law, unsupported by the evidence, and arbitrary and capricious. We believe that the Commission's decision may have prejudiced substantial rights of the petitioners. Accordingly, we hold that petitioners have met the requirements of G.S. 113A-121.1(b) and are entitled to a contested case hearing on the adoption of the temporary rule and issuance of Permit 138-89.

Finally, we note that this decision may have little practical consequence since the CRC followed proper procedures when it adopted the text of the temporary rule as a permanent rule. The petitioners' contested case hearing may result in the Commission deciding either to grant a similar permit to the Department of Transportation relying on the authority of the permanent rule or to deny the Department of Transportation's application.

Reversed and remanded for contested case hearing.

Judges JOHNSON and PARKER concur.